UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR RODAS, et al.,

    Plaintiffs,

    v.

ROBERT MCCULLOUGH, et al.,

    Defendants.
_____/

No. C 12-2541 PJH

**ORDER DISMISSING CASE PURSUANT TO FED. R. CIV. P. 41(b); ORDER GRANTING MOTION TO WITHDRAW**

    Plaintiffs filed the above-entitled action on April 2, 2012, in the Superior Court of California, County of Marin. On May 17, 2012, defendants removed the action to this court. On September 27, 2012, the court conducted an initial case management conference, at which time it set pretrial deadlines, including close of discovery (August 30, 2013), and a dispositive motions hearing deadline (October 30, 2013).

    On May 1, 2013, Frank S. Moore and Suzy C. Moore filed a motion to withdraw as counsel of record for plaintiffs. On May 21, 2013, the court issued an order directing the six plaintiffs to personally appear at the June 5, 2013 hearing on the motion to withdraw, and Mr. Moore filed proofs of service with the court showing service of the order on each of the plaintiffs. However, none of the plaintiffs appeared on June 5, 2013. Because the plaintiffs (several of whom apparently do not speak English) were not present, the court advised Mr. Moore that the motion could not be granted at that time.

    The court continued the matter 30 days to provide the parties with an opportunity to reach settlements and submit dismissals to the court. The court issued an order stating that it would conduct a case management conference on July 11, 2013, and directing the

six plaintiffs to appear at the case management conference.  The court directed Mr. Moore to serve plaintiffs with a copy of the order, and cautioned that the case would be dismissed lack of prosecution if they failed to appear as directed.

Plaintiffs did not appear at the July 11, 2013 case management conference. Accordingly, the court finds that the case must be dismissed for failure to comply with orders of the court and failure to prosecute.

When considering whether to dismiss an action pursuant to Rule 41(b) for failure to comply with a court order, the court considers (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Under Rule 41(b), plaintiffs are required to prosecute their case with reasonable diligence.  Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978).  The court considers the same five factors in considering whether to dismiss a case for failure to prosecute.

Here, the first three factors favor dismissal.  The public's interest in expeditious resolution of litigation always favors dismissal.  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The court's need to manage its docket also favors dismissal. According to plaintiffs' counsel, the attorney-client relationship had broken down, with the result that the Law Office of Frank S. Moore could no longer represent plaintiffs.  Given the imminent close of discovery, and the upcoming dispositive motions hearing deadline, the court determined that it was necessary that plaintiffs appear so they could satisfy the court that they were willing to represent themselves or had located new counsel.  However, plaintiffs twice failed to comply with an order to appear or even to contact the court regarding their case.

Plaintiffs have offered no excuse for their failure to prosecute their claims or for their complete disregard for court orders.  Under these circumstances, the delay is unreasonable

and creates a presumption of prejudice to defendants. Henderson, 779 F.2d at 1423. Without any commitment by plaintiffs to proceed with the case, this risk of prejudice favors dismissal, particularly in light of the August 30, 2013 discovery cut-off date.

As for the availability of less drastic alternatives, the court finds that in light of plaintiffs failure to appear, there is no alternative to dismissing the case, for the reasons listed above. In addition, the court warned plaintiffs that it would dismiss the case if they failed to appear as ordered. Such a warning satisfies the court's obligation to consider less drastic alternatives to dismissal. Malone, 833 F.2d at 131. Finally, while public policy may generally favor disposition on the merits, the court finds that that factor is insufficient to outweigh the other four factors, which favor dismissal.

Accordingly, the court finds that this case must be dismissed under Rule 41(b). The motion to withdraw as counsel is GRANTED. However, the Law Office of Frank C. Moore shall serve a copy of this order on all plaintiffs, and file proofs of service.

**IT IS SO ORDERED.**

Dated: July 12, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge