UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR RODAS, et al.,

    Plaintiffs,

    v.

ROBERT MCCULLOUGH,

    Defendant.

No. C 12-2541 PJH

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Now before the court is the motion of defendant Robert McCullough ("defendant") for attorney's fees accrued as a result of a civil action brought by plaintiffs Victor Rodas, Alex Rodas, Edy Rodas, Yoni Rodas, Nelson Herrera, and Arnold Mendez ("plaintiffs"). Having carefully reviewed defendant's papers and considered his arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion for the following reasons.

## BACKGROUND

On April 9, 2012, plaintiffs filed a complaint against defendant and unnamed parties, asserting twelve causes of action. The complaint's tenth cause of action, "Wrongful Termination in Violation of Public Policy," includes five "counts." Cplt ¶ 71-87. One of these "counts" alleges infringement of "Public Policy Based on Violation of California's Anti-Discrimination Laws." Id. ¶ 71-73. This "count" derives from the public policy enshrined in California's Fair Employment and Housing Act (FEHA). Id. ¶ 72.

On May 17, 2012, defendant removed the case to federal court, alleging federal

question jurisdiction.  The parties participated in a mediation on January 22, 2013, but were unsuccessful in reaching a settlement.  On May 1, 2013, plaintiffs' attorneys filed a motion to withdraw as counsel, citing irreconcilable differences between themselves and plaintiffs.  Counsel contended that pursuant to the written representation agreement, costs incurred in the litigation were to be paid by the clients; and that they had requested payment for the costs incurred for the mediation, but plaintiffs had not made the payment.  Counsel also claimed that they had learned of disabling conflicts between some of the plaintiffs, as well as other matters that they were prohibited from disclosing, but which prevented them from continued representation of plaintiffs under a number of California Rules of Professional Conduct.

Counsel advised that the plaintiffs wished to proceed with the case, and had indicated that they were actively searching for new counsel to represent them and consented to represent themselves in pro se until then.  Counsel added that while they had previously obtained verbal agreement to substitute plaintiffs in pro se, plaintiffs had been "unable to deliver the written substitutions provided to them."

The court set a hearing on the motion for June 5, 2013, and directed plaintiffs' counsel to serve each of the plaintiffs with the court's order, which specifically ordered the personal appearance of all the plaintiffs and their counsel.  Notwithstanding having been served with the order, all plaintiffs failed to appear.  The court then ordered plaintiffs to attend a mandatary case management conference scheduled for July 11, 2013.  When the conference was convened, however, plaintiffs again failed to appear.

On July 12, 2013, the court granted the motion to withdraw, and dismissed the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow court orders.  The court specifically found that dismissal was warranted under the factors articulated by the Ninth Circuit in Malone v. United States Postal Service, 833 F.3d 128, 130 (9th Cir. 1978).  Defendant now moves pursuant to California Government Code Section 12965(b) for an order directing plaintiffs to pay defendant's attorney's fees, which total $32,005.90

## DISCUSSION

A.   Legal Standard

A court may award "reasonable attorney's fees and costs" to the prevailing party in a FEHA case. Cal. Gov't Code § 12965(b). A party prevails when it has received "at least some relief on the merits of the claim." Hewitt v. Helms, 482 U.S. 755, 760 (1987). A Rule 41 involuntary dismissal "operates as an adjudication on the merits" unless "the dismissal states otherwise" or relates to a "lack of jurisdiction, improper venue, or failure to join a party." Fed. R. Civ. P. 41(b).

To determine when FEHA fee shifting is appropriate, California courts have borrowed the Christiansburg standard from federal Age Discrimination in Employment Act (ADEA) and Title VII cases. Cummings v. Benco Building Services, 11 Cal. App. 4th 1383, 1386 (1992). Under this standard, a prevailing defendant's fees shift when the action in its entirety (not just the FEHA claim) was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 433 (1978); Jersey v. John Muir Med. Ctr., 97 Cal. App. 4th 814, 832 (2002). Before shifting fees, courts also consider the defeated plaintiff's capacity to pay. Villanueva v. City of Colton, 160 Cal. App. 4th 1188, 1203 (2008).

If fee shifting is appropriate, it is only for those fees that are "reasonable." Cal. Gov't Code § 12965(b). Under the lodestar method, reasonable fees are those that the moving party shows represent "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1980).

B.   Defendant's Motion for Attorney's Fees

Defendant's fee shifting motion is viable because California Government Code Section 12965(b) authorizes fee shifting in FEHA litigation, and plaintiffs stated a FEHA claim in their complaint. Section 12965(b) states, "In civil actions brought under [FEHA], the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs. . . ." To award attorney's fees under this section, the court must determine (1) whether defendant is a "prevailing party," (2) whether plaintiff's action was "frivolous,

3

unreasonable, or without foundation," and (3) whether defendant's attorney's fees are "reasonable." See Cal. Gov't Code § 12965(b); Cummings, 11 Cal. App. 4th at 1386.

As for the first determination, the court finds defendant is a prevailing party by virtue of the order dismissing plaintiffs' case pursuant to Rule 41(b). To prevail, a party must win on the merits. Hewitt, 482 U.S. at 760. In dismissing plaintiffs' case, the court did not examine the merits of plaintiffs' case. Rather, the dismissal was for plaintiffs' failure to prosecute and failure to follow court orders. The court acknowledged as much in the course of the order by reasoning that dismissal was appropriate even though "public policy may generally favor disposition on the merits."

Rule 41, however, creates a fiction whereby even dismissals not based on the merits operate as if on the merits unless the dismissing court states otherwise. See Fed. R. Civ. Pro. 41(b) ("[u]nless the dismissal order states otherwise, a dismissal order under . . . this rule . . . operates as an adjudication on the merits.") In the order dismissing plaintiffs' case, the court did not "state[ ] otherwise." See id. Thus, defendant is a prevailing party.

As for the second determination, the court finds that plaintiffs' case was "without foundation." See Christiansburg, 434 U.S. at 433 (holding attorney's fees awardable to a prevailing defendant where the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). In addition to failing to attend court mandated hearings and settlement conferences, plaintiffs failed to respond to the motion for attorney's fees. Plaintiffs' failure to respond provides the court with no evidence to support the claims and assertions found in plaintiffs' complaint. This applies to all the claims in plaintiffs' complaint, not just the FEHA claim. See Jersey, 97 Cal. App. 4th at 832 (holding the Christiansburg determination must be made toward the entirety of the action, and not just the FEHA claim). Thus, the court finds this case meets the Christiansburg standard for shifting a prevailing defendant's fees.

Relatedly, because plaintiffs did not respond to defendant's motion, the court has no basis upon which to determine that plaintiffs cannot afford to pay defendant's fees. See

4

Villanueva, 160 Cal. App. 4th at 1203 (upholding fee shifting where there was no evidence regarding the inability of plaintiffs to pay).

Finally, as for the third determination, the court finds that defendant's fees are reasonable. Over the course of sixteen months of litigation, defendant's fees totaled $32,005.90. The total consists of fees from work performed by defendant's lead counsel (who charged a rate of $450 an hour), and a junior associate (who charged rates of $125 and $175 an hour), and of a onetime $971.88 outlay to a mediator for the failed January 2013 mediation. The court examines the fees according to the lodestar method and finds them reasonable for a number of reasons.

First, defendant's counsel has provided the court with a declaration wherein he asserts the reasonableness of his fees, and plaintiffs have not challenged the assertion. See Declaration of Mark C. Peters, at ¶ 5.

Second, defendant's counsel actually billed to defendant the fees sought in this motion. See Peters Decl., Ex. D. Much of this billing took place long before defendant could have known he would prevail and be able to avail himself of fee shifting under Section 12965(b).

Third, the fees fluctuate with the amount of work one would expect at certain points in the case. For instance, the period when defendant's counsel billed the most was in January 2013, which corresponds with the period when the parties were preparing for and attending the mediation.

Fourth, the court takes notice that the rates charged by defendant's counsel are comparable to published prevailing rates. For instance, as of 2011, the median hourly rate for attorneys practicing consumer law in California was $412. See 2010-2011 U.S. Consumer Law Attorney Survey Report (available at http://www.lb7.uscourts.gov/documents/ILSD/11-53.pdf). The court finds that the labor and employment law issues raised in this case are comparable to many of the consumer law issues raised in cases within the district. Thus, the rate defendant's lead counsel charged for his work is not unreasonable in comparison to prevailing rates.

5

**CONCLUSION**

For the forgoing reasons, the court hereby GRANTS defendant's motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: September 26, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge